David B. Wasson (SBN 137075)
**WASSON & ASSOCIATES, INC.**
250 North Golden Circle Drive, Suite 210
Santa Ana, California 92705
Tel (714) 368-0000
Fax (714) 368-0033
dwasson@wassonlawyers.com

Attorneys for Defendants, COACH ROYAL-003-LP
and KINGSLEY MANAGEMENT CORPORATION

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| JOSE L. ACEVES, et al. | CASE NO: |
| Plaintiffs, | |
| vs. | **NOTICE OF REMOVAL** |
| COACH ROYAL-003-LP, a Utah Limited Partnership; KINGSLEY MANAGEMENT CORP., a Utah Corporation; and DOES 1 to 50, Inclusive. | [Removed from the Orange County Superior Court of the State of California, Case No. 30-2021-01225414-CU-PO-CJC] |
| Defendants. | |

TO THE CLERK OF THE CENTRAL DISTRICT COURT OF THE STATE OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, COACH ROYAL-003-LP and KINGSLEY MANAGEMENT CORPORATION, hereby remove this civil action from the Superior Court of

California, Orange County, where it is currently pending as Case No. 30-2021-01225414-CU-PO-CJC, to the United States District Court for the Central District of California. As grounds for removal, Defendants states as follows:

## STATEMENT OF THE CASE

1. Plaintiffs commenced this action on **October 8, 2021,** by filing a Complaint in the Superior Court of California for the County of Orange. Plaintiffs served a copy of the summons and Complaint on Defendants on **October 19, 2021.**

2. Plaintiffs are current and former residents of mobile homes located in Coach Royal Mobile Home Park, located at 215 S. Sullivan Street, Santa Ana, California ("the Park".) The Complaint alleges that Defendants failed to adequately maintain the Park. Complaint ¶¶12a – aa.

3. The Plaintiffs assert claims for: (1) Nuisance; (2) Breach of Contract; (3) Breach of the Covenant of Good Faith & Fair Dealing; (4) Negligence; (5) Breach of Statutes; (6) Breach of Warranty of Habitability; (7) Breach of Covenant of Quiet Enjoyment; (8) Breach of Unfair Competition Law; and (9) Declaratory and Injunctive Relief. The Plaintiffs seek to recover special and general damages and prejudgment interest. The Plaintiffs also seek medical expenses, punitive damages, Attorneys' Fees costs and expenses, statutory penalties. The Plaintiffs seek a permanent injunction requiring Defendants to repair the Park and comply with codes, statutes and

ordinances. The Plaintiffs also seek an injunction prohibiting Defendants from engaging in alleged conduct which allegedly violates Unfair Competition Law. The Plaintiffs seek an order requiring restitution of Plaintiffs' alleged overpayments and alleged illegal charges. The Plaintiffs seek a declaration of rights and obligations pursuant to leases and rental agreements and alleged rent levels.

## THIS COURT HAS ORIGINAL JURISDICTION – DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(a)

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States."

**A.   A sufficient amount is in controversy.**

1. The amount in controversy exceeds $75,000, exclusive of interest and costs.[1] Section 1332(a)'s amount in controversy requirement excludes only "interest and costs," and thus attorneys' fees are properly included in the calculation. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.2007). In this lawsuit, there are one-hundred ten (110) Plaintiffs that seek to recover compensatory damages, including but not limited to economic and non-economic

---

[1] Defendants do not concede that Plaintiffs are in fact entitled to recover any damages. *See Kelderman v. Remington Arms*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place a defendant in the awkward position of embracing a concession on the important issue of damages" to establish jurisdiction).

damages, medical expenses, attorneys' fees, punitive damages, statutory penalties and emotional distress damages. The Complaint does not demand a specific amount but states that it "is within the jurisdiction of this court." Complaint ¶3. "Since the plaintiff is the master of her complaint, she can avoid having her case heard in federal court by demanding less than $75,000 or choosing defendants with diversity in mind." *Tangletown, LLC v. Underwriters at Lloyd's, London*, No. C06–846C, 2006 WL 2781329, *2 (W.D.Wash. Sept.25, 2006.)

2. When a complaint does not demand a specific amount, the court must determine whether it is "facially apparent from the complaint that the jurisdictional amount is in controversy."
*Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997). When measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002).

3. First, aggregation of claims is appropriate as to the 110 Plaintiffs, as a matter of law, because they have common undivided claims in the common areas for which they allege damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir.2001). The Ninth Circuit has held that "[i]f the claims are derived from rights that [Plaintiffs] hold in group status, then the claims are common and undivided," but otherwise their claims "are separate and distinct." *Eagle v. Am. Tel. and Tel. Co.*, 769

F.2d 541, 546 (9th Cir.1985.) The Plaintiffs expressly allege that Defendants failed to provide and maintain the Park's common areas, facilities, services and physical improvements in good working order. Complaint ¶12.

Specifically, the Complaint cites the following common and undivided claims as to the Plaintiffs:

- "The Park's sewage system is inadequate and has not been properly maintained or repaired." [Complaint at ¶12a.]
- "The Park's water system provides contaminated, odorous, discolored, bad tasting water . . .At times, there are water leaks in the common area." [Complaint at ¶12b.]
- "The Park's electrical system provides inadequate power . . .Residents regularly experience power outages." [Complaint at ¶12c.]
- "Streets have potholes, cracks and depressions." [Complaint at ¶12e.]
- "The pool and jacuzzies are poorly maintained and are regularly closed for residents' use. Pool tiles are falling off, the walls are cracking . . . [Complaint at ¶12f.]
- "There is insufficient lighting in the park." [Complaint at ¶12g.]
- "The Park previously had 6 showers and 6 bathrooms, but these facilities were closed and removed. They have not been replaced." [Complaint at ¶12j.]
- "There is an inadequate number of trash bins." [Complaint at ¶12k.]
- "The Park fences are in disrepair, crumbling, or falling down." [Complaint at ¶12o.]

- Playgrounds and basketball courts are poorly maintained. [Complaint at ¶12s.]
- "The Park has poor drainage causing land movement and subsidence resulting in unleveling, sinking and damage to some homes and spaces." [Complaint at ¶17ds.]
- "The Park's gas lines are not maintained properly resulting in gas leaks." [Complaint at ¶84e.]

4. Furthermore, multiple claims brought by a single defendant, as here, can be aggregated so that all claims reach the $75,000 threshold. *Snyder v. Harris*, 394 U.S. 332, 335–36, 89 S.Ct. 1053, 1056–57, 22 L.Ed.2d 319 (1969); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–9, 38 L.Ed.2d 511 (1973).

5. In addition, Plaintiffs seek punitive damages, which must be included in the amount in controversy. *Gibson v. Chrysler,* 261 F.3d 927, 945 (9th Cir. 2001); *Romo v. FFG Ins.,* 397 F. Supp.2d 1237, 1240 (C.D. Cal. 2005).

**B. The parties are diverse.**

6. Complete diversity of citizenship exists between Plaintiff and properly named Defendants.

7. At the time this lawsuit was filed and at all times since, Defendant COACH ROYAL-003-LP has been a Utah limited liability corporation with its principal place of business in Provo, Utah.

8. At the time this lawsuit was filed and at all times since, Defendant KINGSLEY MANAGEMENT CORP has been a Utah corporation with its principal place of business in Provo, Utah.

9. Plaintiffs are citizens of California. No Plaintiff is a citizen of Utah.

C. **All other requirements for removal are satisfied.**

10. All properly joined and served defendants join in this removal. 28 U.S.C. §1446(b)(2)(A).

11. This Notice of Removal is timely filed. Each defendant has "30 days . . .after receipt . . .of the initial pleading . . .to file a notice of removal." 28 U.S.C. §1446(b)(2)(B). Defendants were served with the Complaint on October 19, 2021. This Notice of Removal is filed within 30 days of that date.

12. This Court is a proper venue for this action, pursuant to 28 U.S.C. §1441(a). The United States District Court for the Central District of California embraces the County of Orange, where the state court action is now pending. 28 U.S.C. §84(a).

13. No previous application has been made for the relief requested herein.

14. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Defendants, including the summons and Complaint, is attached hereto as **Exhibit A**.

15. Pursuant to 28 U.S.C. §1446(d), a Notice of Filing Notice of Removal and the Notice of Removal will be served upon counsel for Plaintiffs and will be filed with the clerk of the Superior Court for the County of Orange.

16. If any question arises with regard to the removal of this action, Defendants respectfully request the opportunity to be heard.

## CONCLUSION

WHEREFORE, Defendants respectfully request removal of this action from the Superior Court of the County of Orange, in the State of California, bearing Case No. 30-2021-01225414-CU-PO-CJC, to this Court. By this Removal, Defendants do not waive any objections they may have or any other defenses to this action. Defendants intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: November 17, 2021        WASSON & ASSOCIATES, INC.

By: _____
David Wasson, Esq.
Attorneys for Defendants
COACH ROYAL-003-LP
and KINGSLEY MANAGEMENT
CORPORATION