UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. ACEVEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COACH ROYAL-003-LP; KINGSLEY MANAGEMENT CORP.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: SACV 21-01901-CJC (JDEx) <br><br> **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Over one hundred current and former residents of Coach Royal Mobile Home Park (the "Park") (collectively, "Plaintiffs") bring this action against the Park's owner and manager, Defendants Coach Royal-003-LP and Kingsley Management Corp. (collectively, "Defendants"). (*See* Dkt. 4 [Complaint, hereafter "Compl."].) Plaintiffs originally brought this action in the Superior Court of California, County of Orange, but

Defendants subsequently removed to this Court, asserting diversity jurisdiction. (*See* Dkt. 1 [Notice of Removal].)

In their notice of removal, Defendants allege that Coach Royal-003-LP was and is "a Utah limited liability corporation with its principal place of business in Provo, Utah." (Notice ¶ 7.) Presumably, Defendants meant limited liability company ("LLC").[1] These allegations on the state of organization and principal place of business are inadequate, however, because "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants' "notice of removal fails to state the citizenship of the . . . members of [the LLC defendant], and thus, [they] have failed to satisfy their burden to show complete diversity between the parties." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011); *see also United Fin. Cas. Co. v. Bratcher*, No. 22-cv-03624, 2022 WL 16836972, at *1 (N.D. Cal. Nov. 9, 2022) ("Plaintiff fails, however, to identify the owners and/or members of [the LLC defendant], let alone the states of which each owner and/or member is a citizen. In the absence of such allegations, the complaint is deficient."); *Miller v. BMW of N. Am.*, No. 18-cv-02498, 2018 WL 6243019, at *2 (E.D. Cal. Nov. 28, 2018) ("[T]o properly plead diversity, a limited liability company must affirmatively allege the citizenship of each of its members. A failure to do so can result in dismissal for lack of subject matter jurisdiction." (citation omitted)).

Accordingly, Defendants are hereby **ORDERED** to show cause why this matter should not be remanded for lack of subject matter jurisdiction by **February 21, 2023**. Defendants shall file a written response to this Order and shall file an appropriate motion

---

[1] The party's name in fact suggests it is a limited partnership ("LP"), not a LLC. (*See id.*); *see also Utah Business Search*, Utah.gov, https://secure.utah.gov/bes/index.html (last visited Feb. 7, 2023) (enter "Coach Royal 003" in the "Business Name" field; click "Search"; then select "COACH ROYAL - 003, L.P.") (noting that the entity is an LP). In any event, since an LP is a citizen of every state of which each partner—general or limited—is a citizen, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990), the analysis would be the same regardless of whether Coach Royal-003-LP were a LP or LLC.

for leave to amend the notice of removal to correct the deficiency consistent with the Federal Rules of Civil Procedure and the Local Rules.  Plaintiffs are not obligated to file a written response to this Order, but should they wish to do so, Plaintiffs are **ORDERED** to file their response by **February 28, 2023**.

Further, since it is appropriate to resolve the jurisdictional issues first, the hearing dates on Defendants' motions for summary judgment, (*see* Dkt. 52 [Feb. 13, 2023]; Dkt. 54 [Feb. 21, 2023]; Dkt. 56 [Feb. 27, 2023]), are hereby **VACATED**.  The hearing dates will be rescheduled at a later date if it is appropriate.

DATED: February 7, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE