UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE L. ACEVEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COACH ROYAL-003-LP; KINGSLEY MANAGEMENT CORP.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: SACV 21-01901-CJC (JDEx)<br><br>**SECOND ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION AND DEFENDANTS' PENDING MOTION FOR LEAVE TO AMEND THE NOTICE OF REMOVAL IS DENIED [64]** |

Over one hundred current and former residents of Coach Royal Mobile Home Park (the "Park") (collectively, "Plaintiffs") bring this action against the Park's owners and managers, Defendants Coach Royal-003-LP ("Coach Royal") and Kingsley Management Corp. (collectively, "Defendants"). (*See* Dkt. 4 [Complaint, hereafter "Compl."].) Plaintiffs brought this action in the Superior Court of California, County of Orange, and

-1-

Defendants subsequently removed to this Court, asserting diversity jurisdiction. (*See* Dkt. 1 [Notice of Removal].)

On February 7, 2023, Defendants were ordered to show cause why this action should not be remanded for lack of subject matter jurisdiction due to deficiencies in their notice of removal and to file an appropriate motion for leave to amend the notice of removal. Defendants had alleged in their notice only the state of organization and principal place of business for Coach Royal, but a limited partnership like Coach Royal is a citizen of every state of which each partner—general or limited—is a citizen, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990), as noted in the order to show cause, (*see* Dkt. 61 [Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction] at 2 & n.1).

Defendants have since filed a response to the order to show cause and a motion for leave to amend the notice of removal. (*See* Dkt. 63 [Defendants' Response to Order to Show Cause Why This Action Should Not Be Remanded for Lack of Subject Matter Jurisdiction]; Dkt. 64 [Notice of Motion and Motion for Leave to Amend the Notice of Removal; Memorandum of Points and Authorities in Support, hereinafter "Mot."].) Defendants state that Coach Royal has one general partner, KMC CA Management, LLC ("KMC CA"), a limited liability company consisting of one member, RVG Partners, Ltd. ("RVG Partners"). (*See* Mot. at 7.) RVG Partners is a limited partnership that has one general partner, "an individual residing in the state of Utah," and "two Limited Partners, both of which are traditional trusts, with [C. Nate] Nelson as the sole trustee, himself a resident of Provo, Utah." (*Id.* at 7.) Defendants further state that Coach Royal has two limited partners: RVG Partners and RVG Holdings #2, LP ("RVG Holdings"), a limited partnership consisting of one general partner—KMC CA—"and three limited partners which are traditional trusts that have an individual Trustee that is a resident of the state of Utah." (*Id.*) Thus, the citizenship of Coach Royal is determined by the citizenship of

(1) the individual who is the general partner of RVG Partners, (2) C. Nelson Nate, the trustee of the two traditional trusts that are limited partners of RVG Partners, and (3) the trustee(s) of the three traditional trusts that are limited partners of RVG Holdings.[1]

Defendants' proffered allegations to support subject matter jurisdiction are deficient—again. Defendants only allege the *residency* of the relevant natural persons. Yet "[i]t is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) (second alteration in original) (citation omitted). Citizenship is determined by domicile, and "for adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). A pleading that alleges only "residency rather than citizenship" is defective. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

Defendants are, therefore, **ORDERED** once again to show cause in writing why this action should not be remanded for lack of subject matter jurisdiction by **March 6, 2023**. Defendants shall file a written response to this Order on the citizenship of all persons—natural or otherwise—necessary to determine whether complete diversity exists for purposes of subject matter jurisdiction. Defendants shall submit all declarations and exhibits necessary to support factually the existence of complete diversity. Defendants' pending motion for leave to amend the notice of removal is **DENIED**, and Defendants are **ORDERED** to refile such a motion consistent with the Federal Rules of Civil

---

[1] It is unclear from the Defendants' filings whether there is overlap among the individual general partner of RVG Partners, C. Nelson Nate, and the trustees of the three traditional trusts that are the limited partners of RVG Holdings.

Procedure and the Local Rules, along with a proposed amended notice of removal, by **March 6, 2023**.

Further, Defendants shall take care to include in their response to this order all other information necessary to substantiate subject matter jurisdiction, whether or not that information was specifically requested by the Court in this Order or its prior order. The requirements of removal are strictly construed, and the burden of establishing the propriety of removal falls on Defendants. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If Defendants fail to meet their burden this go-around, they risk *sua sponte* remand of this action.

DATED: February 27, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE